245 N.J. Super. 397 (1991)
585 A.2d 977
IN THE MATTER OF DANIEL CAHILL.
Superior Court of New Jersey, Appellate Division.
Submitted September 18, 1990.
Decided January 25, 1991.
*398 Before Judges PRESSLER, BAIME and ARNOLD M. STEIN.
Fox and Fox, attorneys for appellant (Stacey B. Rosenberg on the letter brief and reply letter brief).
Glenn A. Grant, Corporation Counsel, attorney for respondent City of Newark (Grady B. McMillon, Assistant Corporation Counsel, on the letter brief).
*399 Robert J. Del Tufo, Attorney General, attorney for respondent New Jersey Merit System Board (June Kanter Forrest, Deputy Attorney General, on the statement).
The opinion of the court was delivered by ARNOLD M. STEIN, J.A.D.
Daniel Cahill appeals the order of the Merit System Board dismissing him as a member of the Newark Fire Department because he is a substance abuser. We affirm.
The essential facts were stipulated before the Administrative Law Judge. On August 12, 1974, Cahill began his employment with the city as a firefighter. Approximately ten years later, at the recommendation of his union and unknown to the city, Cahill voluntarily entered an eight-day detoxification program.
The city first learned that Cahill had a drug and alcohol problem on August 14, 1986. While off duty, he was found to be under the influence of drugs. He was immediately suspended by the city until November 8, 1986. During the suspension he entered and completed a drug rehabilitation program.
Cahill was then reinstated to the fire department. The city required that as a condition of continued employment he submit to random drug testing by urinalysis. On August 25, 1988 Cahill was ordered to submit to a urine test. The test produced a morphine-positive drug profile and Cahill was suspended. He was charged with violation of Article 28, a fire department regulation which prohibits the use of or addiction to narcotics or controlled dangerous substances.
Cahill pleaded guilty at his department hearing. His attorney submitted testimony from two supervisors indicating complete satisfaction with Cahill's performance on the job. The city nevertheless concluded that the positive test results warranted dismissal.
On appeal, the ALJ concluded that the petitioner should be given "one final opportunity to straighten himself out and get *400 sober." He ordered Cahill suspended for six months followed by a probationary period.
The Merit System Board accepted the ALJ's findings of fact but rejected his conclusions and recommendations. The board found that dismissal was the appropriate action.
We accept the ALJ's conclusion that Cahill is a handicapped person whose condition falls within the protection of the Law Against Discrimination. N.J.S.A. 10:5-1 et seq. The ALJ found that Cahill is an alcoholic and a drug addict, "a chemically dependent substance abuser who was cross-addicted. As such, he is entitled to the protection of the New Jersey Law Against Discrimination, ..."
N.J.S.A. 10:5-5(q) defines a handicapped person as
suffering from ... any mental, psychological or developmental disability resulting from anatomical, psychological, physiological or neurological conditions which prevents the normal exercise of any bodily or mental functions or is demonstrable, medically or psychologically, by accepted clinical or laboratory diagnostic techniques.
Alcoholism is a handicap under the Law Against Discrimination. Clowes v. Terminex Intern., Inc., 109 N.J. 575, 590-595, 538 A.2d 794 (1988). Alcohol is a drug. Id. at 592, 538 A.2d 794. Addiction, habituation or dependency which results from use of one drug or another, or as in this case, a combination of drugs, renders a person handicapped.
N.J.S.A. 10:5-4.1 prohibits discrimination against a handicapped person "unless the nature and the extent of the handicap reasonably precludes the performance of the particular employment." Cahill is a firefighter. The Merit System Board found that "the negligent or improper performance of that function can result in serious harm to persons and property." We see no reason to challenge that conclusion, obvious to anyone even superficially familiar with the perils inherent in the performance of a firefighter's duties. The nature of Cahill's job duties satisfies the city's burden of proving with a reasonable certainty that his handicap would probably cause *401 injury to himself or to others. Jansen v. Food Circus Supermarkets, Inc., 110 N.J. 363, 383, 541 A.2d 682 (1988).
Cahill emphasizes that his on-duty performance was exemplary during his fourteen years of employment with the city. The employer is not required to assume  or hope  that the employee will limit alcohol and other drug consumption to off-duty hours, or that the effects of drugs will be dissipated by the time the work day begins. Moreover, a firefighter is subject to being called to duty when needed, anytime of the day or night. N.J.S.A. 40A:14-49 to -51. A firefighter under the influence of drugs cannot do the job.
Cahill further argues that N.J.A.C. 13:13-2.5(b) requires the city to make a reasonable accommodation to the limitations of his particular handicap. He contends that the mandate of reasonable accommodation requires the employer to give another chance to an alcoholic or other drug user. There is merit to his position that where feasible an employer should afford an opportunity for rehabilitation to an employee handicapped by substance abuse. Whitlock v. Donovan, 598 F. Supp. 126, 134 (D.D.C. 1984), aff'd sub nom. Whitlock v. Brock, 790 F.2d 964 (D.C. Cir.1986); Callicotte v. Carlucci, 698 F. Supp. 944, 949-50 (D.D.C. 1988). But Cahill has had his chances at rehabilitation. He underwent a detoxification program in 1984 and an inpatient drug rehabilitation program in 1986. His employer reinstated him upon condition that he submit to routine urine monitoring. On his first test, he failed. The city has reasonably accommodated Cahill's handicap. Refusal to continue employment of a handicapped person is lawful where employment in a particular position would be hazardous to that individual or to others. See N.J.A.C. 13:13-2.8(a)(2).
The Merit System Board's decision upholding Cahill's dismissal is supported by the evidence and inferences to be drawn therefrom. It will not be disturbed. Clowes, supra, 109 N.J. at 588, 538 A.2d 794.
Affirmed.