294 N.J. Super. 233 (1996)
683 A.2d 203
IN THE MATTER OF HENRY JACKSON.
Superior Court of New Jersey, Appellate Division.
Submitted September 24, 1996.
Decided October 11, 1996.
Before Judges LANDAU, WALLACE and KIMMELMAN.
Fox and Fox, attorneys for appellant Henry Jackson (Dennis J. Alessi, of counsel and Matthew M. Collins, on the brief).
*234 Frost, Rhodes & Devit, attorneys for respondent City of Plainfield (Catherine M. Elston, on the brief).
Peter Verniero, Attorney General, attorney for the Merit System Board (Elizabeth M. Laufer, Deputy Attorney General, on the statement).
The opinion of the Court was delivered by LANDAU, J.A.D.
Henry Jackson was employed since 1981 as a firefighter by the City of Plainfield. In 1990, he was suspended after police discovered him in the home of a drug dealer while they were executing a search warrant. Jackson admitted to smoking marijuana with the dealer, and to having purchased and used cocaine. He tested positive for cocaine even after a Preliminary Notice of Disciplinary Action had been served upon him.
Following his completion of a one month rehabilitation program, Jackson's physician said he was able to return to work. Plainfield's physician concurred. A departmental hearing was held, and Jackson was allowed to return to work subject to compliance with certain conditions. He signed a "Letter of Agreement" acknowledging that his employment was "contingent upon my abstaining from illegal drugs or abuse of any chemical substance both on and off duty". Jackson further agreed to submit to drug testing at any time and that if he were found to be using drugs, he would "forfeit my position and all benefits relating thereto". The conditions of reinstatement were consistent with the fire department's substance-abuse policy contained in Article XVII of the collective bargaining agreement with Jackson's union.
On August 23, 1993, Jackson tested positive for cocaine in a random drug test and was again suspended pursuant to a Preliminary Notice of Disciplinary Action. He entered a second drug rehabilitation program between October 1 and October 15, 1993, and was released with a physician's letter which opined that his prognosis for recovery was excellent.
*235 Plainfield declined to permit him to return to duties as a firefighter. A departmental hearing was held in November, and Jackson was terminated in December, 1993. He appealed to the Merit System Board. Facts and exhibits were stipulated by the parties on cross-motions for summary decision before an Administrative Law Judge, who granted Plainfield's motion and denied the Jackson motion in an initial decision dated May 19, 1995.
The ALJ deemed Jackson a handicapped person under the Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 to 10:5-42, but found the City could remove him if it could no longer reasonably accommodate his handicap, i.e., drug addiction. Recognizing that our decision in In re Cahill, 245 N.J. Super. 397, 401, 585 A.2d 977 (App.Div. 1991), encourages an employer, "where feasible", to give an employee at least one chance at rehabilitation prior to termination, the ALJ noted that Jackson was given that opportunity in 1990, and that the City reemployed him after he completed an inpatient program. Further, the ALJ concluded that the City had established that employment of a firefighter who is under the influence of a controlled dangerous substance was a hazard to both the fire department and the general public. The ALJ also determined that:
Pursuant to § 1.17:1-4 of the collective bargaining agreement appellant executed a letter of agreement on August 20, 1990, wherein he acknowledged that his continued employment is and remains contingent upon his abstaining from illegal drugs or abuse of any chemical substance both on and off duty. He further agreed to enroll and actively participate in a drug rehabilitation program. Appellant further agreed that he would forfeit his position and all benefits relating thereto if he were to engage in any further substance abuse or refuse to submit to drug testing .. .
that:
... the collective bargaining agreement is consistent with the LAD and thus it controls. The collective bargaining agreement provides a reasonable accommodation because it allows for rehabilitation prior to termination. However, it does not provide or specify that a firefighter is entitled to two attempts at rehabilitation ...
and that:
[a] firefighter operates in an inherently dangerous environment. Consequently a firefighter must be alert, agile and mentally and physically fit at all times. The danger involved in firefighting poses substantial risks not only to the firefighter but *236 also to his fellow firefighters and the community at large. Thus, there is no place in a fire department for a substance abuser or one chemically dependent on drugs that alters a firefighter's mental state and impairs physical agility. Appellant's handicap was reasonably accommodated in 1990.
Based on those findings, the ALJ decision recommended affirmance of Jackson's removal effective August 27, 1993. By order issued on July 27, 1995, the Merit System Board adopted this recommendation as a final determination. Jackson appealed, and we affirm, substantially for the reasons stated by the ALJ in her initial decision.[1]
The decision is consistent with the holding in Cahill that negligent or improper performance of the duties of a firefighter can result in serious harm to persons and property, and that when considered against the background of a drug habituation, if that is deemed a handicap, the nature of a firefighter's duties satisfies the employer's burden under N.J.S.A. 10:5-4.1 to prove with reasonable certainty that such handicap would probably cause injury to himself or others. See Jansen v. Food Circus Supermarkets, 110 N.J. 363, 383, 541 A.2d 682 (1988). We said in Cahill:
The employer is not required to assume  or hope  that the employee will limit alcohol and other drug consumption to off-duty hours, or that the effects of drugs will be dissipated by the time the work day begins. Moreover, a firefighter is subject to being called to duty when needed, anytime of the day or night. N.J.S.A. 40A:14-49 to -51. A firefighter under the influence of drugs cannot do the job.

*237 [Cahill, supra, 245 N.J. Super. at 401, 585 A.2d 977.]
In short, there is a point where the public interest in rehabilitation must yield to its interest in protecting life, limb, and property. The reasonableness of accommodation required by N.J.A.C. 13:13-2.5 is a function of the nature of the employment. With firefighters, much as with commercial airline pilots or brain surgeons, drug impairment increases exponentially the risks to others, and must correspondingly affect the extent of an employer's accommodation efforts which may be reasonable in the circumstances. See also N.J.A.C. 13:13-2.8(a)(2)(refusal to select a handicapped person for employment is lawful where employment in a particular position would be hazardous to that individual or to others).
We see this not as a question of how many attempts at rehabilitation must be granted to a firefighter, but whether Plainfield complied with and enforced the collective bargaining agreement, and whether such compliance represented a reasonable accommodation to Jackson's condition. Our review of the record satisfies us that these questions were properly answered in the affirmative.
After briefs were filed in this matter, Plainfield moved to supplement the record with undisputed evidence that Jackson was arrested on April 3, 1996 for possession, use, and being under the influence of a controlled dangerous substance. This motion is denied. See McKennon v. Nashville Banner Publishing Co., 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995). Reasonableness of a 1993 action cannot be supported by proof of a 1996 event. The arrest is not a factor in this decision.
Affirmed.
NOTES
[1] There has been no cross-appeal questioning whether dependency upon controlled dangerous substances, and their use and possession must necessarily be deemed a handicap as a matter of law in all cases. Accordingly, we have not addressed the question. Our affirmance does not, therefore, signal agreement with the dictum in Cahill, which, in reliance upon an alcoholism case, Clowes v. Terminix Int'l., 109 N.J. 575, 590-95, 538 A.2d 794 (1988), stated that addiction, habituation or dependency resulting from use of any drug renders a person handicapped under the LAD. Cahill, supra, 245 N.J. Super. at 400, 585 A.2d 977. We note particularly the concurring opinion in A.B.C. v. XYZ Corp., 282 N.J. Super. 494, 508, 660 A.2d 1199 (App.Div. 1995)(Petrella, P.J.A.D., concurring) in which it was questioned whether the statutory definition of "handicap" should be interpreted to "[afford] a remedy under the LAD where the discrimination claim is based upon conduct by an individual claimant which would otherwise constitute a crime, whether or not there is a prosecution and conviction." See N.J.S.A. 2C:35-10.